862 F.2d 322
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ARACHNID, INC., Plaintiff-Appellant,
v.
INDUSTRIAL DESIGN ELECTRONICS ASSOCIATES, INC., Defendant,
Donald P. Devale, Bonita J. Devale and Kidde Recreation
Products, Inc., Defendants/Cross-Appellants.
 Nos. 88-1102, 88-1176.
 United States Court of Appeals, Federal Circuit.
 Oct. 25, 1988.
 
 Before MARKEY, Chief Judge, EDWARD S. SMITH and NIES, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Arachnid, Inc. appeals from the part of the final judgment of the United States District Court for the Western District of Wisconsin, Arachnid, Inc. v. Industrial Design Electronics Associates, 85-C-338-C (W.D.Wis. Nov. 20, 1987), holding that Kidde Recreation Products, Inc., successor to defendant Industrial Design Electronics Associates, Inc. (IDEA), did not infringe Arachnid's United States Patent No. 4,057,251 ('251) with respect to IDEA's second redesign of a dart game. Kidde cross-appeals from the portion of the court's judgment holding that Arachnid is the owner of three foreign patents and two foreign applications related to the '251 patent. Kidde also asserts a litany of errors allegedly committed during the course of the proceedings, which Kidde maintains entitles it to a new trial. We affirm the judgment of the district court in all respects.*
 
 OPINION
 I. Arachnid's Appeal
 
 2
 The '251 patent claims a dart game having an array of 81 apertured target plates, recessed in individual cups to which they are affixed. Upon being struck by a dart, an aperture holds the dart and the cup is momentarily biased inward, closing a switch which electronically registers a score for the dart thrower relative to the position of the dart. The dispute is over whether the redesigned device meets the following limitation of claim 1: "each target plate being spaced inwardly from the open end of its respective cup." The parties refer to this limitation as the "recess" limitation. The target plate in the accused device is not "spaced inwardly," i.e., it is not recessed.
 
 
 3
 Arachnid first argues that the meaning of the limitation requiring a recessed target plate raised a jury question because the patentee intended its claim to cover dart boards whether or not the target was recessed and because the Examiner had not required this restriction. Per Arachnid, a jury might have so interpreted the claim to give it the "scope" allegedly intended.
 
 
 4
 We cannot agree that any factual issue or ambiguity is presented by the claim language "each target plate being spaced inwardly from the open end of its respective cup." The language is specific, clear, and unambiguous. Further, each element of a claim is material. See Pennwalt Corp. v. Durand-Wayland, Inc., 833 F.2d 931, 935, 4 USPQ2d 1737, 1734-40 (Fed. Cir.1987) (quoting Perkin-Elmer Corp. v. Westinghouse Elec. Corp., 822 F.2d 1528, 1533, 3 USPQ2d 1321, 1325 (Fed.Cir.1987)). Neither an inventor's intent nor the lack of an Examiner's requirement for the limitation is a basis for eliminating a limitation. Thus, the court correctly ruled, as a matter of law, that Arachnid had to show an equivalent for the claim limitation requiring hollow cups with recessed target plates. Id. No "interpretation" of the claim could be otherwise. No factual issue underlying claim interpretation was presented with respect to the phrase "spaced inwardly."
 
 
 5
 Arachnid also asserts that a factual issue of whether the nonrecessed plate in IDEA's new design is equivalent to the required recessed target plate is present because of the dispute over prosecution history estoppel. In an earlier stage of the litigation relating to an injunction which the court had entered, the trial court changed its decision on motion by IDEA, explaining that the injunction barred games having "hollow cups with recessed target plates" or an equivalent thereof. Arachnid, Inc. v. Industrial Design Elecs. Assocs., Inc., Order No. 85-C-338-C, slip op. at 15 (W.D.Wis. Sept. 12, 1985). In doing so, the court held that the prior art showed target plates which were not recessed and that the Examiner's statement in the file showed that the claim was allowed in part because the '251 target plate was recessed. In a previous interlocutory appeal relating to that injunction, this court stated that the trial court's "treatment of the alleged prosecution history estoppel ... [was] not erroneous in the circumstances of this case." Arachnid, Inc. v. Industrial Design Elecs. Assocs., Inc., Nos. 86-796/851, slip op. at 4 (Fed.Cir. Sept. 4, 1986) (unpublished).
 
 
 6
 The scope of the claim had been fully litigated in the trial court at that time. Arachnid asserts it did not raise the issue on appeal because it had "won" on the question of whether the then-existing accused devices infringed. The trial court's ruling on the scope of the injunction, however, told the infringers not only what they could not do, but also what they could do. The trial court held that the claim element was not met equivalently by a segment with a nonrecessed target plate because it functioned differently. Thus, the issue of infringement by the second redesigned device and the scope of the injunction presented the identical question to that court and summary judgment with respect to noninfringement by the redesigned game followed under the courts' earlier rulings. It was the law of the case.
 
 
 7
 Arachnid argues that summary judgment was inappropriate because of issues of fact. Whatever issues there were, if any, had been resolved in the earlier stage of proceedings and affirmed on appeal. We have reviewed the merits of the courts' earlier rulings on prosecution history estoppel to the extent of determining whether manifest error was shown and find none. See Christianson v. Colt Indus. Operating Corp., 108 S.Ct. 2166, 2178 (1988). The thrust of Arachnid's argument is not that nonrecessed is equivalent to recessed, but that recessed is not a "significant" limitation and can be ignored. We are as unpersuaded of the merit of that argument in this connection as we were on claim interpretation.
 
 
 8
 The court's holding on summary judgment of noninfringement by the second redesigned dart board is affirmed.
 
 II. Kidde's Cross Appeal
 A. Summary Judgment
 
 9
 Kidde cross-appeals from the final judgment that Arachnid is the owner of three foreign patents and two foreign patent applications which arose out of Arachnid's '781 patent. This court previously, in an interlocutory appeal, upheld an injunction ordering transfer of those properties to Arachnid and reviewed the merits to the extent necessary to rule on the matter. See Arachnid, Inc. v. Industrial Design Elecs. Assocs., Inc., No. 85-C-338-C (Order Entered Apr. 24, 1987), aff'd, No. 87-1346 (Fed.Cir. Dec. 16, 1987) (unpublished). This court upheld the order. We find Kidde's arguments no more meritorious now.
 
 
 10
 The contractual agreement between the parties required the assignment to Arachnid of all inventions conceived by IDEA or its employees in the course of the contracted project. It was fully litigated in an earlier phase of this protracted litigation that the invention of the '781 patent was developed by IDEA, Kidde's predecessor in interest, while under contract to Arachnid. Kidde's own witness admitted that the foreign patents and applications were for the same invention. The judgment that Arachnid is the owner of the foreign patents and applications is affirmed.
 
 B. Fair Trial
 
 11
 Kidde also cross-appeals to challenge the trial proceedings, alleging that the trial judge committed a litany of errors which cumulatively denied it a fair trial. This court finds Kidde's complaint to this court wholly meritless. After a review of the alleged errors which Kidde asserts, this court concludes that the district court's management of the case neither amounted to an abuse of the court's discretion nor rendered the trial unfair to Kidde.
 
 
 
 *
 Donald and Bonita DeVale initially raised in their cross-appeal two issues challenging that portion of the district court's judgment which held the DeVales personally liable for infringement. Because we grant the DeVales' unopposed motion to withdraw their cross-appeal, those issues are no longer before us